UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derek Anthony Grate, | C/A No.: 4:08-3626-HMH-TER |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Brenda R. Babb, | |
| Defendant. | |

## I.  PROCEDURAL BACKGROUND

The Plaintiff, Derek Anthony Grate, ("Plaintiff/Grate"), filed this action under 42 U.S.C. § 1983[1] on November 13, 2008. On July 9, 2010, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and exhibits in support of that motion. (Doc. #59).  Because the Plaintiff is proceeding pro se, he was advised on or about July 12, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Defendant's motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. The Plaintiff filed a response in opposition on August 13, 2010, and Defendant filed a reply on August 23, 2010.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

## II.  SUMMARY  JUDGMENT STANDARD

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).  The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that Defendants were "entitled to judgment as a matter of

law" under Rule 56(c) because the Plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### III. DISCUSSION

#### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The Plaintiff alleges that his constitutional rights were violated by Defendant, a court reporter, who "altered, edited and/or changed a portion of the Plaintiff's Post-Conviction Relief transcript." (Complaint p. 5). Plaintiff asserts that he won his PCR case and the state filed an appeal. Plaintiff contends that the PCR transcript will be provided for review on appeal and that since it is inaccurate "[t]his may lead to a biased ruling in flavor[sic] of the appellate." (Complaint, p. 4). Plaintiff alleges the PCR transcript is "33 pages long, it is the 32nd page of the transcript that the Plaintiff alleges that has been altered, edited and or changed." (Complaint). Specifically, Plaintiff contends that Defendant "edited/changed" lines five through nine on page 32 of the PCR transcript to indicate that Plaintiff asked to withdraw his PCR action. Plaintiff also asserts that Defendant Babb did not sign the signature line on the copy of the PCR transcript, and, therefore, ". . . the Plaintiff contends that Court Reporter Brenda R. Babb has conspired [2] with persons unknown to deprive the

---

[2] Any claim made by Plaintiff with regard to a conspiracy fails. "To establish a civil conspiracy under § 1983, [the plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [his] deprivation of a constitutional right." Marshall v. Odom, 156 F.Supp. 2d 525, 532 (D. MD. 2001), citing *Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir.1996)*. To meet the "weighty burden to establish a civil rights conspiracy[,]" .... "[the plaintiff] must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." *Hinkle,* 81 F.3d at 421. Thus, the "evidence must, at least, reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Id.* "Acquiescence can amount to a conspiracy agreement when ...one ...officer watches an open breach of the law and does nothing to seek its prevention." *Hafner v. Brown, 983 F.2d 570, 578 (4th Cir.1992)*. Nonetheless, isolated acts by

3

Plaintiff of his Civil Rights guaranteed under the Fourteenth Amendment of the United States Constitution; in that every person shall be given equal protection."³ (Complaint, p. 4). Plaintiff requests that this court "compel court reporter Brenda R. Babb to release to the Plaintiff an unabridged copy of the proceedings held on 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, with the Court Reporter's signature on it." (Complaint p. 7). Further, Plaintiff requests punitive damages in the amount of One Hundred and Twenty-Thousand ($120,000.00) dollars.

Defendant filed a motion for summary judgment arguing the case should be dismissed as the claims are moot, Defendant is entitled to sovereign immunity and qualified immunity, and Plaintiff has failed to establish a violation of his Constitutional rights. As to the argument that the matter is moot, Defendant argues that on June 2, 2009, the Attorney General's Petition for Writ of Certiorari was denied ending their attempts to appeal the Order granting Plaintiff's applications for PCR.

Defendant submitted the affidavit of Christina Catoe who attests that she is employed by the office of the Attorney General for the State of South Carolina as an Assistant Attorney General and is assigned to the Post Conviction Relief (PCR) division and the Criminal Appeals division. (Catoe affidavit). Catoe asserts she became involved in the PCR case Derek A. Grate v. State. (Id.). Prior

---

defendants that fail to evidence a shared understanding will not suffice to survive a motion for summary judgment. See Hinkle, 81 F.3d at 421-23. Plaintiff has failed to provide specific evidence of a conspiracy, fails to make any specific allegations, and fails to show a connection between the actions of Defendant Babb and any harm he allegedly suffered. Therefore, it is recommended that his claim be dismissed.

³ In his complaint, Plaintiff appears to attempt to raise an equal protection claim. This claim fails. In order to establish an equal protection claim, the inmate must show that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). See Cook v. Babbitt, 819 F.Supp. 1, 9 (D.D.C.1993). Plaintiff has failed to meet this criteria in that he has not shown that others similarly situated to him were treated different.

to Catoe's date of hire, Plaintiff's PCR was granted following a hearing that took place on January 16, 2007.(Id.). Catoe was assigned to handle the appeal following the PCR. (Id.). After the State's Motion for Reconsideration was denied on July 26, 2007, Catoe filed a Notice of Appeal from the Court's February 16, 2007, Order granting PCR and filed the State's Petition for Writ of Certiorari with the South Carolina Supreme Court on September 21, 2007. (Id.). The question presented in the Petition for Writ of Certiorari was regarding whether the PCR Court's ruling on ineffective assistance of counsel was legally erroneous and unsupported by probative evidence in the record. (Id.). The Petition did not contain any reference whatsoever to a withdrawal by Plaintiff of the PCR application. (Id.). The State's Petition for Writ of Certiorari was denied by the South Carolina Supreme Court by Order dated June 2, 2009, ending the attempts to appeal the Order granting Plaintiff's application for PCR. (Id.).

In the affidavit submitted by Brenda Babb, she attests that she is employed by the South Carolina Judicial Department, an agency of the State of South Carolina, as Court Reporter. (Doc. #59-2). In the course of her duties as Court Reporter with the South Carolina Judicial Department, she was assigned to serve as the court reporter for the January 16, 2007, hearing in Derek A. Grate v. State, which was the PCR action filed by Plaintiff. (Id.). Following the conclusion of the PCR hearing, Babb received a request from the Office of the South Carolina Attorney General for the transcript from the January 16, 2007, hearing involving the Plaintiff. (Id.). After receiving the request, Babb generated a transcript of the proceedings from her tapes and notes from the January 16, 2007, hearing. (Id.). To her knowledge, the transcript was a true, accurate, and complete transcript of the PCR hearing based upon her materials from said hearing. (Id.). Babb attests that she did not knowingly, intentionally or deliberately omit, edit, or alter any portion of the hearing in

5

making the transcript of the January 16, 2007, hearing. (Id.). Said transcript was prepared pursuant to the South Carolina Court Reporter Manual, as approved by Order of the South Carolina Supreme Court. (Id.). Babb attests that she did not deliberately take any action or fail to take any action in order to deliberately deprive Plaintiff of a full transcript from his January 16, 2007, hearing. (Id.).

Defendant also asserts she is entitled to summary judgment in that Plaintiff has failed to state a claim. Defendant asserts that Plaintiff alleges she failed to sign her transcript from the Plaintiff's PCR hearing and has conspired with persons to deprive him of his Civil Rights. In the amended complaint, Plaintiff asserts that Defendant "made a conscious failure to perform a statutorily imposed duty without justification." (Amended complaint).

## B. ANALYSIS

Defendant Babb is a "state actor" amenable to suit under §1983. See Antoine v. Byers & Anderson, 508 U.S. 429, 437 (1993) (rejecting absolute immunity for court reporters). Additionally, some courts have recognized a §1983 claim based on the deliberate actions of court reporters. See McCullough v. Horton, 69 F.3d 918, 919 (8th Cir. 1995) (claim that court reporter failed to provide inmate with transcript of criminal trial was not frivolous). However, "innocent errors, even if negligent" do not subject court reporters to liability under 1983. Daniels v. Willaims, 474 U.S. 327, 330 (1986) (§1983 claims cannot be founded on negligence). As previously stated, Plaintiff sues Defendant for allegedly failing to sign the PCR transcript and allegedly altering the transcript from his PCR hearing. Plaintiff's PCR was granted and the state appealed by filing a Petition for Writ of Certiorari with the South Carolina Supreme Court. As a result, Plaintiff asserts that the PCR transcript will be provided for review on appeal and that since it is inaccurate "[t]his may lead to a

biased ruling in flavor[sic] of the appellate." However, the Petition for Writ of Certiorari was denied which ended the state's appeal. (See Catoe's affidavit; Def.'s exhibits). Therefore, the Plaintiff was not damaged or prejudiced based on his allegations.

Furthermore, Plaintiff "does not have a constitutional right to a totally accurate transcript of his criminal trial." Tedford v. Hepting, 990 F.2d 745, 747 (3rd Cir.1993). See also Hampton v. Segura, 2008 WL 1902458 at *2 (5th Cir. April 30, 2008); Brown v. New Mexico District Court Clerks, 1998 WL 123064 at *3 (10th Cir. March 19, 1998). In addition, a Plaintiff's constitutional rights are violated "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding." Tedford v. Hepting, 990 F.2d at 747. See also Robinson v. Smyth, 2007 WL 4404020 (3rd Cir. Dec.18, 2007) ("errors in the transcript could implicate his constitutional rights only if the errors called into question the validity of his appellate review"); Colyer v. Ryles, 827 F.2d 315, 316 (8th Cir.1987) (civil complaint for damages frivolous where Plaintiff was not prejudiced by allegedly altered transcript). Although Plaintiff states that he became aware of the alleged alteration of his PCR transcript after the Attorney General filed the appeal, Plaintiff does not allege that the transcript's inaccuracies actually prejudiced him in the criminal appeal only that it "may lead to a biased ruling." In fact, the appeal filed by the Attorney General after Plaintiff won his PCR was denied which ended the attempts to appeal the Order granting the Plaintiff's application for PCR, a favorable decision for Plaintiff.[4] Accordingly, it is recommended that Defendant's motion for summary judgment be granted.

---

[4] Plaintiff alleged that Defendant altered/edited the PCR transcript to say that he had withdrawn his PCR application. However, his PCR was granted, the state did not attempt to allege he withdrew his PCR application in their appeal on writ of certiorari, and the appeal by the state was denied.

## IV. CONCLUSION

Based on the reasons stated above, it is RECOMMENDED that Defendant's motion for summary judgment (Doc. #59) be GRANTED IN ITS ENTIRETY.

It is FURTHER RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers III
United States Magistrate Judge

September 20, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**